APPEAL,CLOSED,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00662–SLS</u>
### *Internal Use Only*

AMERICA FIRST LEGAL FOUNDATION v. U.S. GOVERNMENT ACCOUNTABILITY OFFICE

Assigned to: Judge Sparkle L. Sooknanan

Cause: 05:552 Freedom of Information Act

Date Filed: 03/06/2025
Date Terminated: 01/09/2026
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**AMERICA FIRST LEGAL FOUNDATION**　　　represented by　**William Frank Scolinos**
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue, SE
#231
Washington, DC 20003
202–964–3721
Email: william.scolinos@aflegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Ernest Mills**
SPERO LAW LLC
557 East Bay Street
#22251
Charleston, SC 29413
843–606–0640
Email: cmills@spero.law
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**U.S. GOVERNMENT ACCOUNTABILITY OFFICE**　　　represented by　**Brenda A. Gonzalez Horowitz**
DOJ–USAO
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252–2512
Email: brenda.gonzalez.horowitz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen DeGenaro**
ESBROOK P.C.

800 Maine Ave, SW
Suite 200
Washington, DC 20024
771–218–7690
Email: stephen.degenaro@esbrook.com
*TERMINATED: 05/30/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2025 | 1 | COMPLAINT against U.S. GOVERNMENT ACCOUNTABILITY OFFICE ( Filing fee $ 405 receipt number ADCDC–11524682) filed by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Exhibit 1: FOIA Request, # 2 Exhibit 2: FOIA Acknowledgment, # 3 Exhibit 3: Status Update, # 4 Exhibit 4: GAO Denial, # 5 Exhibit 5: AFL Appeal, # 6 Exhibit 6: GAO Response, # 7 Civil Cover Sheet, # 8 Summons GAO Summons, # 9 Summons USAO Summons, # 10 Summons USAG Summons)(Mills, Christopher) (Attachment 7 replaced on 3/7/2025) (znmw). (Entered: 03/06/2025) |
| 03/06/2025 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICA FIRST LEGAL FOUNDATION (Mills, Christopher) (Main Document 2 replaced on 3/7/2025) (znmw). (Entered: 03/06/2025) |
| 03/07/2025 | | Case Assigned to Judge Sparkle L. Sooknanan. (znmw) (Entered: 03/07/2025) |
| 03/07/2025 | 3 | SUMMONS (3) Issued Electronically as to U.S. GOVERNMENT ACCOUNTABILITY OFFICE, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 03/07/2025) |
| 03/18/2025 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. GOVERNMENT ACCOUNTABILITY OFFICE served on 3/18/2025, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/17/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 4/16/2025.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 03/17/2025. (Attachments: # 1 Exhibit USPS Tracking)(Mills, Christopher) (Entered: 03/18/2025) |
| 04/15/2025 | 5 | NOTICE of Appearance by Stephen DeGenaro on behalf of U.S. GOVERNMENT ACCOUNTABILITY OFFICE (DeGenaro, Stephen) (Entered: 04/15/2025) |
| 04/15/2025 | 6 | Consent MOTION for Extension of Time to *Respond to the Complaint* by U.S. GOVERNMENT ACCOUNTABILITY OFFICE. (Attachments: # 1 Text of Proposed Order)(DeGenaro, Stephen) (Entered: 04/15/2025) |
| 04/17/2025 | | MINUTE ORDER granting the Defendant's 6 Consent Motion for Extension. The Court ORDERS the Defendant to file its response to the 1 Complaint by May 16, 2025. Signed by Judge Sparkle L. Sooknanan on 4/17/2025. (lcas) (Entered: 04/17/2025) |
| 05/14/2025 | 7 | Consent MOTION for Briefing Schedule by U.S. GOVERNMENT ACCOUNTABILITY OFFICE. (Attachments: # 1 Text of Proposed Order)(DeGenaro, Stephen) (Entered: 05/14/2025) |
| 05/15/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting the Defendant's 7 Consent Motion for Briefing Schedule. The Court ORDERS the Defendant to file its motion to dismiss by May 28, 2025; the Plaintiff to file its opposition by June 27, 2025; and the Defendant to file its reply by July 28, 2025. Signed by Judge Sparkle L. Sooknanan on 5/15/2025. (lcas) (Entered: 05/15/2025) |
| 05/16/2025 | 8 | NOTICE of Appearance by William Frank Scolinos on behalf of AMERICA FIRST LEGAL FOUNDATION (Scolinos, William) (Main Document 8 replaced on 5/19/2025) (zjm). (Entered: 05/16/2025) |
| 05/28/2025 | 9 | MOTION to Dismiss by U.S. GOVERNMENT ACCOUNTABILITY OFFICE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(DeGenaro, Stephen) (Entered: 05/28/2025) |
| 05/30/2025 | 10 | NOTICE OF SUBSTITUTION OF COUNSEL by Brenda A. Gonzalez Horowitz on behalf of All Defendants Substituting for attorney Stephen DeGenaro (Gonzalez Horowitz, Brenda) (Entered: 05/30/2025) |
| 06/27/2025 | 11 | RESPONSE re 9 MOTION to Dismiss filed by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Text of Proposed Order)(Mills, Christopher) (Entered: 06/27/2025) |
| 07/28/2025 | 12 | REPLY to opposition to motion re 9 Motion to Dismiss filed by U.S. GOVERNMENT ACCOUNTABILITY OFFICE. (Gonzalez Horowitz, Brenda) (Entered: 07/28/2025) |
| 01/09/2026 | 13 | MEMORANDUM OPINION re the Defendant's 9 Motion to Dismiss. See the attached document for details. Signed by Judge Sparkle L. Sooknanan on 1/9/2026. (lcak) (Entered: 01/09/2026) |
| 01/09/2026 | 14 | ORDER granting the Defendant's 9 Motion to Dismiss. See the 13 Memorandum Opinion for details. The Court directs the Clerk of the Court to terminate this case from the active docket. Signed by Judge Sparkle L. Sooknanan on 1/9/2026. (lcak) (Entered: 01/09/2026) |
| 02/06/2026 | 15 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 13 Memorandum & Opinion, 14 Order on Motion to Dismiss by AMERICA FIRST LEGAL FOUNDATION. Filing fee $ 605, receipt number ADCDC–12231616. Fee Status: Fee Paid. (Mills, Christopher) (Entered: 02/06/2026) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

America First Legal Foundation,

*Plaintiff,*

v.

U.S. Government Accountability Office,

*Defendant.*

Civil Action No. 1:25-cv-662-SLS

## NOTICE OF APPEAL

Notice is hereby given that America First Legal Foundation, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Opinion and Order dismissing this case entered in this action on January 9, 2026, ECF Nos. 13, 14.

Respectfully submitted,

*/s/ Christopher Mills*

DANIEL EPSTEIN
WILLIAM SCOLINOS
America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, DC 20003
(202) 964-3721
daniel.epstein@aflegal.org
william.scolinos@aflegal.org

CHRISTOPHER MILLS
D.D.C. Bar. No. SC0008
Spero Law LLC
557 East Bay St.
#22251
Charleston, SC 29413
(843) 606-040
cmills@spero.law

FEBRUARY 6, 2026

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,

*Plaintiff*,

v.

U.S. GOVERNMENT ACCOUNTABILITY
OFFICE,

*Defendant*.

Civil Action No. 25‑662 (SLS)

Judge Sparkle L. Sooknanan

## ORDER

For the reasons stated in the Court's Memorandum Opinion, ECF No. 13, the Court **GRANTS** the Defendant's Motion to Dismiss, ECF No. 9. The Court **ORDERS** that the Plaintiff's Complaint is dismissed. The Court directs the Clerk of the Court to terminate this case from the active docket.

**SO ORDERED.**

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:    January 9, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. GOVERNMENT ACCOUNTABILITY OFFICE,<br><br>*Defendant*. | Civil Action No. 25‑662 (SLS)<br>Judge Sparkle L. Sooknanan |

<u>**MEMORANDUM OPINION**</u>

The United States Government Accountability Office (GAO) is an agency in the legislative branch created in 1921.[1] Often referred to as "Congress's investigative arm," GAO monitors public expenditures and functions as a permanent auditor on behalf of Congress. The Plaintiff in this case, America First Legal Foundation (America First), sued to compel disclosure of GAO's records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. GAO moves to dismiss, arguing that as an agency in the legislative branch, its records are not subject to FOIA. The Court agrees and dismisses this case.

**BACKGROUND**

**A.      The Government Accountability Office (GAO)**

"GAO is an independent agency within the legislative branch that exists in large part to serve the needs of Congress." *Bowsher v. Merck & Co.*, 460 U.S. 824, 844 (1983)*; see also* The Reorganization Act of 1945, Pub. L. No. 79-263, § 7, 59 Stat. 613, 616 (Comptroller General and

---

[1] The Office was previously termed the "General Accounting Office." GAO Human Capital Reform Act of 2004, Pub. L. 108-271, § 8, 118 Stat. 811, 814 *codified at* 31 U.S.C. § 702 note.

GAO are "part of the legislative branch of the Government"); Reorganization Act of 1949, Pub. L. No. 81-109, § 7, 63 Stat. 203, 205 (same); 31 U.S.C. § 702(a) (GAO is "an instrumentality of the United States Government independent of the executive departments"); 2 U.S.C. § 601(e) (describing GAO as an "agenc[y] of Congress"). The agency serves as "Congress's investigative arm," *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Hum. Servs.*, 631 F. Supp. 2d 17, 21 (D.D.C. 2009), and is designed as a "safeguard against waste and extravagance in the spending of government funds," *Merck & Co.*, 460 U.S. at 834 n.9 (cleaned up). It assists the Comptroller General in "investigat[ing] . . . all matters relating to the receipt, disbursement, and application of public funds" and "mak[ing] recommendations looking to greater economy or efficiency in public expenditures." *Id.* at 833–34 (citation omitted); *see also* 31 U.S.C. § 712. But GAO's decisions on these matters are not binding on the Executive Branch. *See Use of Appropriated Funds to Provide Light Refreshments to Non-Federal Participants at EPA Conferences*, 31 Op. O.L.C. 54, 55 n.1 (2007) ("The Comptroller General is an agent of Congress. Therefore, although his views often provide helpful guidance on appropriations matters and related issues, they do not bind the Executive Branch.").

GAO has certain powers to "deter[] . . . improprieties and wastefulness in the negotiation of contracts." *Merck & Co.*, 460 U.S. at 833 (quoting 97 Cong. Rec. 13198 (1951)). For instance, GAO helps keep a list of contractors and subcontractors who are ineligible for award of federal contracts due to failure to comply with their statutory obligations. 40 U.S.C. § 3144(b). GAO also makes recommendations to federal agencies if it determines that "a solicitation for a contract or a proposed award or the award of a contract does not comply with a statute or regulation." 31 U.S.C. § 3554(c). And interested parties may protest contract bids with GAO, leading to corresponding GAO recommendations to federal agencies. *Id.* §§ 3553(c), 3554(b)–(c), 3555. A federal agency

2

is permitted to disregard GAO's recommendations made under either avenue. *Id.* § 3554(c)(3), (e). But GAO must report failures to comply with its recommendations to Congress and indicate whether it thinks corrective legislation or other congressional action is needed to "preserve the integrity of the procurement process." *Id.* § 3554(e)(1)(B).

Finally, if GAO determines that congressionally authorized funds are being misappropriated by the Executive Branch under the Impoundment Control Act, it may file an explanatory statement informing Congress of the situation. 2 U.S.C. § 687. If Congress does not take any action related to that appropriation within 25 days, GAO is given "tacit approval" by statute to file a legal action challenging that executive impoundment on behalf of the legislative branch. *Rogers v. United States*, 14 Cl. Ct. 39, 50 (1987), *aff'd*, 861 F.2d 729 (Fed. Cir. 1988) (characterizing 2 U.S.C. § 687).

GAO is headed by the Comptroller General of the United States. 31 U.S.C. § 702(b). The President selects the Comptroller General from a list of at least three names provided by a congressional commission, which includes the Speaker of the House, the President Pro Tempore, and the leadership from both chambers. *Id.* § 703(a). The Comptroller General serves for a term of fifteen years, *id.* § 703(b), and is removeable only by impeachment or a joint resolution of Congress, *id.* § 703(e). Under these statutes, "the Comptroller General and the GAO function virtually as a permanent staff for Congress." *Bowsher v. Synar*, 478 U.S. 714, 746 n.11 (1986) (Stevens, J., concurring).

### B.    Factual Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The

3

Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

In March 2023, America First submitted a FOIA request to GAO seeking certain records in GAO's possession. Compl. ¶¶ 13–14, ECF No. 1. In May 2024, long after the time limit normally applicable in FOIA, 5 U.S.C. § 552(a)(6), GAO responded to the request and stated that it is not subject to FOIA but instead applies its own disclosure regulations in 4 C.F.R. Part 81. Compl. ¶¶ 16–17. Those disclosure regulations provide that "[w]hile GAO is not subject to the Freedom of Information Act (5 U.S.C. [§] 552), GAO's disclosure policy follows the spirit of the act consistent with its duties and functions and responsibility to the Congress. Application of this act to GAO is not to be inferred from the provisions of these regulations." 4 C.F.R. § 81.1(a). Pursuant to those regulations, GAO withheld any responsive records as exempted "materials that are part of the deliberative process." 4 C.F.R. § 81.6(j). Compl., Ex. 4, at 2, ECF No. 1-4. Thus, GAO largely denied America First's FOIA request. *Id.*

### C. Procedural Background

After exhausting its administrative remedies, America First brought this lawsuit alleging that GAO failed to comply with FOIA's disclosure requirements. Compl. ¶¶ 19, 68–73. GAO moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that FOIA does not apply to it. Mot., ECF No. 9. The motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 11; Reply, ECF No. 12.

### LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of

all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint.'" *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

GAO moves to dismiss this action under Rule 12(b)(6) on the basis that FOIA does not apply to the agency. America First argues that GAO is subject to FOIA either directly, 5 U.S.C. § 552, or through GAO's native statute, 31 U.S.C. § 704. Since GAO is a legislative agency, the Court agrees that America First lacks statutory standing to compel FOIA disclosure under either statute. Accordingly, the Court grants GAO's motion.

### A.    5 U.S.C. § 552 (FOIA)

FOIA requires "each agency" to make its records available to the public, subject to certain enumerated exceptions, and provides a cause of action in federal court to compel disclosure of such "agency records." 5 U.S.C. § 552(a)–(b). For FOIA, an

> "agency" as defined in [5 U.S.C. § 551(1)] includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency[.]

*Id.* § 552(f)(1). Thus, FOIA's definition of an agency covers two categories: (1) those agencies encompassed by the Administrative Procedure Act's (APA) definition of an "agency" in § 551(1), and (2) any other agencies referenced in the catch-all list of § 552(f)(1). *Dong v. Smithsonian Inst.*, 125 F.3d 877, 878–79 (D.C. Cir. 1997).

First, FOIA's definition "cross-references" and encompasses the APA's definition of an agency in 5 U.S.C. § 551(1), *Dong*, 125 F.3d at 878, which extends to "each authority of the

5

Government of the United States . . . but does not include . . . the Congress," 5 U.S.C. § 551(1). And "the Congress" for purposes of this definition excludes the "entire legislative branch," exempting legislative-branch agencies. *Wash. Legal Found. v. U.S. Sent'g Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994) (emphasis omitted) (citing *Ethnic Emps. of Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1416 n.15 (D.C. Cir. 1985)).

Second, § 552(f) also has a catch-all list "to encompass entities that might have eluded the APA's definition in § 551(1)." *Dong*, 125 F.3d at 879 (quoting *Energy Rsch. Found. v. Def. Nuclear Facilities Safety Bd.*, 917 F.2d 581, 583 (D.C. Cir. 1990)). The list includes any "establishment in the executive branch of the Government," 5 U.S.C. § 552(f), and extends FOIA coverage to any entity "belonging to the executive branch," *Dong*, 125 F.3d at 880. And it also makes FOIA applicable to "independent regulatory agencies" that have an "uncertain constitutional status . . . vis-à-vis the executive branch" because they are tasked by Congress with executive functions while having officers unremovable by the President. *Id.* at 880 n.3 (citations omitted). But the list does not include any "entity clearly outside the executive branch." *Id.* at 879 (Smithsonian not included).

Based on this two-part definition, FOIA has long been understood to exclude "documents of legislative[-]branch agencies." *Cause of Action v. Nat'l Archives & Recs. Admin.*, 753 F.3d 210, 212 (D.C. Cir. 2014) (Financial Crisis Inquiry Commission records not included); *see also Boorstin*, 751 F.2d at 1416 n.15 ("[T]he Supreme Court noted that the Library of Congress is not an agency under the Freedom of Information Act." (characterizing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 145 (1980))). And both the Supreme Court and the D.C. Circuit have found time and again that "GAO is a legislative[-]branch agency." *Chennareddy v. Bowsher*, 935 F.2d 315, 319 (D.C. Cir. 1991); *see also Merck & Co.*, 460 U.S. at 844 ("GAO is

6

an independent agency within the legislative branch."); *Chen v. GAO*, 821 F.2d 732, 737 n.6 (D.C. Cir. 1987) ("GAO is generally recognized as a part of the legislative branch."); *Cause of Action*, 753 F.3d at 214 (identifying the "Government Accountability Office" as a type of legislative agency not subject to FOIA).

This authority makes clear that GAO, as a legislative-branch agency, is not subject to FOIA's disclosure requirements. *See Cause of Action*, 753 F.3d at 214. America First nonetheless argues otherwise, relying on arguments grounded in: (1) an alternate reading of FOIA's statutory text, (2) the Title 5 statutory scheme, (3) the structure and powers of GAO, and (4) novel interpretations of the governing case law. None of these arguments carries the day.

### 1. Statutory Text

America First contends that "[t]his case can be straightforwardly resolved" in its favor based on the statutory text. Opp'n 4. It argues that GAO is an "establishment in the executive branch of the Government" or an "independent regulatory agency" under § 552(f). Opp'n 6. Although adopting such a reading would run headfirst into the D.C. Circuit's holding that legislative agencies are excluded from the scope of FOIA, *see Cause of Action*, 753 F.3d at 212, it is also unconvincing on its face.

America First begins by arguing that GAO is an "establishment in the executive branch of the Government," Opp'n 6, based on other provisions of Title 5. Opp'n 11–12 (some "definitional terms in 5 U.S.C. § 552(f)(1) 'are further defined in §§ 101–105 of Title 5'" (quoting *Legg v. Wash. Metro. Area Transit Auth.*, No. 16-cv-1023, 2017 WL 2533344, at *2 (D.D.C. June 9, 2017))). But those provisions of Title 5 do not support America First's reading of the statute. *See id.* Section 104 of Title 5 clearly distinguishes between GAO and an "establishment in the executive branch"—suggesting that the two are not one in the same. 5 U.S.C. § 104 (an

7

12

"independent establishment" includes both an "establishment in the executive branch" *and* "the Government Accountability Office"). So this argument is unavailing.

America First then suggests without much elaboration that GAO is an "independent regulatory agency." Opp'n 6. But the D.C. Circuit's jurisprudence on § 552(f) precludes such a reading. *See Dong*, 125 F.3d at 879; *Cause of Action*, 753 F.3d at 212. In *Dong*, the D.C. Circuit looked to Supreme Court precedent regarding independent regulatory agencies to inform the meaning of that term in § 552(f). *See id.* at 880 n.3 (first citing *Wiener v. United States*, 357 U.S. 349, 353 (1958); and then citing *Morrison v. Olson*, 487 U.S. 654, 687–92 (1988)). And the Supreme Court has explained that an "independent regulatory agenc[y]" is one that acts "free from day-to-day supervision of *either* Congress or the Executive Branch." *Buckley v. Valeo*, 424 U.S. 1, 140–41 (1976) (emphasis added). Whereas a legislative agency answerable to Congress (like GAO) "may not be entrusted with executive powers" at all, *Synar*, 478 U.S. at 732, independent regulatory agencies can exercise some "'executive' . . . functions that typically have been undertaken by officials within the Executive Branch," *Morrison*, 487 U.S. at 691; *see also id.* at 689 n.28. This is because, unlike legislative agencies whose leaders are answerable to or removable by Congress alone (again, like GAO), the exercise of such power by independent regulatory agencies does not pose a "dange[r] of congressional usurpation of Executive Branch functions" since its members also have greater independence from congressional removal. *Id.* at 693–94 (quoting and distinguishing *Synar*, 478 U.S. at 727). *Dong* explains that it is only the latter regulatory agencies with an "uncertain constitutional status . . . vis-à-vis the executive branch" that Congress captured in § 552(f). 125 F.3d at 880 n.3 (citing *Wiener*, 357 U.S. at 353; *Morrison*, 487 U.S. at 687–92). Under this precedent, GAO is plainly not an "independent regulatory agency" under § 552(f).

But that is not the end. Congress recently confirmed that its understanding of the term "independent regulatory agencies" is consistent with *Dong* in the Administrative-Pay-As-You-Go Act of 2023, Pub. L. 118-5, § 262(2), 137 Stat. 31, 31, *codified at* 5 U.S.C. § 551 note. For that part of Title 5, the statute instructs that an "independent regulatory agenc[y]" is as "defined" in the Paperwork Reduction Act, 44 U.S.C. § 3502(5). *Id.* And that definition includes a long list of "independent regulatory agenc[ies]" like "the Board of Governors of the Federal Reserve System, the Commodity Futures Trading Commission, [and] the Consumer Product Safety Commission." 44 U.S.C. § 3502(5).[2] The definition also has a catch-all that adds "any other similar agency designated by statute as a Federal independent regulatory agency or commission." *Id.* Importantly, this definition does not reference any of the entities that Congress instead designates as "agencies of Congress." 2 U.S.C. § 601(e) (Congressional Budget Office, GAO, Library of Congress). So Congress's most recent Title 5 enactment seems to confirm *Dong*'s understanding—that an independent regulatory agency does not include an "entity clearly outside the executive branch." *Dong*, 125 F.3d at 879.

In sum, since GAO is in the legislative branch and outside the executive branch, it is neither an "establishment in the executive branch of the Government" nor an "independent regulatory agency" under 5 U.S.C. § 552(f). *See Cause of Action*, 753 F.3d at 212.

---

[2] The full definition  is: "the term 'independent regulatory agency' means the Board of Governors of the Federal Reserve System, the Commodity Futures Trading Commission, the Consumer Product Safety Commission, the Federal Communications Commission, the Federal Deposit Insurance Corporation, the Federal Energy Regulatory Commission, the Federal Housing Finance Agency, the Federal Maritime Commission, the Federal Trade Commission, the Interstate Commerce Commission, the Mine Enforcement Safety and Health Review Commission, the National Labor Relations Board, the Nuclear Regulatory Commission, the Occupational Safety and Health Review Commission, the Postal Regulatory Commission, the Securities and Exchange Commission, the Bureau of Consumer Financial Protection, the Office of Financial Research, Office of the Comptroller of the Currency, and any other similar agency designated by statute as a Federal independent regulatory agency or commission." 44 U.S.C. § 3502(5).

9

**2.    Title 5 Statutory Scheme**

America First next makes broader arguments about the Title 5 statutory scheme. At bottom, it asks the Court to import a definition of "Executive agency" from elsewhere in Title 5 into FOIA even though the FOIA statute does not use that term. The Court declines to do so.

America First argues that GAO is subject to FOIA because Congress defined GAO as an "Executive agency" in Title 5. Opp'n. 5–8. Title 5's definition of an "Executive agency" includes "an independent establishment." 5 U.S.C. § 105. And GAO concedes that it is an "independent establishment" for purposes of § 105. Reply 3; *see also* 5 U.S.C. § 104(2). But that statutory definition has no relevance here. Although FOIA is codified in Title 5, FOIA applies to each "agency," not each "Executive agency." *See* 5 U.S.C. § 552(f). And FOIA has its own definition of "agency"—which makes no reference to § 105 or the term "Executive agency" and instead cross-references the APA's definition of "agency" in § 551(1). *See id.* § 552(f). The APA's definition of "agency," too, makes no reference to § 105 or the term "Executive agency." *See id.* § 551(1). So the definition of "Executive agency" in § 105 has no bearing on whether an entity is subject to FOIA.

Still, America First asks the Court to import § 105's definition of "Executive agency" into the definition of "agency" under § 552(f). As discussed above, § 552(f)'s catch-all provision includes an "establishment in the executive branch of the Government (including the Executive Office of the President)" and "any independent regulatory agency." *Id.* § 552(f). America First contends that the Court should read those terms together to mean "Executive agency." But Congress did not use the term "Executive agency" in § 552(f). And America First offers no reason why the Court should ignore the words that Congress wrote. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (statutory interpretation favors specific terms over

10

general ones—especially when dealing with a complex statutory scheme); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 227 (2012) (when a statute includes a definition, "judges apply [such] text-specific definitions with rigor").[3]

America First next turns to legislative history, noting that the definition of "agency" in the APA "was supposed to have substantially the same meaning" as the Federal Reports Act of 1942 and the Federal Register Act of 1935. Opp'n 8–9. But as America First admits, the Federal Reports Act explicitly excluded GAO from its coverage while the Federal Register Act did not. Opp'n. 9. So it is unclear how that inconsistent legislative history provides any insight into whether GAO is an agency under the APA. Meanwhile, the APA's legislative history clearly states that "the word 'agency' is defined in the Act 'by excluding legislative, judicial, and territorial authorities.'" *Wash. Legal Found.*, 17 F.3d at 1449 (citation omitted); *see* S. Rep. No. 752 at 196 (1945). So the APA's legislative history does not provide America First any support either. *Id.*

America First also points to other instances in Title 5 where the term "executive agency" is used. *See* Opp'n 14 (listing provisions). But these examples do not overcome the plain reading of FOIA. For instance, America First notes that the definition of an "agency" in 5 U.S.C. § 902 textually excludes GAO, suggesting that Congress "knew how to exempt GAO from covered 'agencies' when it wanted to." *Id.* But an "agency" in that provision expressly includes "an Executive agency or part thereof." 5 U.S.C. § 902(1)(A). So § 902 demonstrates only that Title 5 includes GAO as an "Executive agency"—a proposition that neither party disputes. Reply 3. It

---

[3] America First points to one sentence in *U.S. Inst. of Peace v. Jackson*, 783 F. Supp. 3d 316, 353 (D.D.C. 2025) to support its argument: "[T]he definition of 'executive agency,' under 5 U.S.C. § 105, which applies to the APA and other statutes governing executive agencies, explicitly includes GAO." Opp'n 7. But that sentence was *dicta*, unrelated to the holding of the case. *See Jackson*, 783 F. Supp. 3d at 353. It is not a basis to depart from the D.C. Circuit's reasoning that the APA does not apply to legislative agencies. *See Boorstin*, 751 F.2d at 1416 n.15.

11

provides little insight into whether GAO is an "agency" as defined by FOIA. Indeed, all of the provisions in Title 5 upon which America First relies refer to an "Executive agency." *See* 5 U.S.C. §§ 902(1)(A), 3330(a), 306(f), 2302(a)(2)(C), 3132(a)(1), 3345(a), 4301(1), 4701(a)(1), 5342(a)(1); Opp'n 14. Far from supporting America First's statutory argument, this demonstrates that Congress knew how to use the term "Executive agency" and chose not to do so in FOIA. *See Allina Health Servs. v. Price*, 863 F.3d 937, 944 (D.C. Cir. 2017).

Finally, America First makes a similar argument relying on 5 U.S.C. § 415(a)(2), which defines a "federal entity" as "an entity in the executive branch" but expressly excludes GAO. Opp'n 13–14. The exclusion, America First argues, "would be superfluous if GAO would not otherwise be within the sweep of the definition." *Id.* at 13. But again, this definition says nothing about whether GAO is an "agency" within the reach of FOIA under § 552(f).[4]

At bottom, the D.C. Circuit has repeatedly recognized that under § 552(f), an entity cannot be an "agency" for FOIA purposes if it is in the legislative branch. *See Cause of Action*, 753 F.3d at 212; *cf. Dong,* 125 F.3d at 879; *Wash. Legal Found.*, 17 F.3d at 1449. And the Supreme Court and D.C. Circuit have both concluded that GAO is in the legislative branch. *See Merck & Co., Inc.*, 460 U.S. at 844; *Chennareddy*, 935 F.2d at 319. That is dispositive.

### 3.    Structure and Powers

America First then argues that GAO is an executive agency subject to FOIA because it is (1) headed by an executive officer, Opp'n 18–22, and (2) exercises executive powers, *id.* at 22–37. The Court is not convinced.

---

[4] The Court addresses America First's argument regarding GAO's organic statute below. *See infra* Discussion B.

12

First, the Comptroller General is not an executive officer. "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch." *Synar*, 478 U.S. at 731. America First acknowledges *Synar* but asks the Court to disregard it because it "did not consider GAO's status for Title 5 or FOIA purposes." Opp'n 21. America First is wrong. Nothing in *Synar* suggests that the Supreme Court intended to limit its holdings in such a manner. To the contrary, the Court surveyed the relevant landscape and decisively concluded that Congress views the Comptroller General "as an agent of the Congress" and "part of the legislative branch." *Synar*, 478 U.S. at 731 (collecting statutes). To the extent America First intends to challenge the constitutional underpinnings of binding Supreme Court precedent, this is not the appropriate vehicle to do so.

Second, it makes no difference whether GAO exercises some executive functions. America First spends a substantial portion of its brief detailing what it views to be GAO's executive powers. *See* Opp'n 22–37. For its part, GAO takes issue with America First's characterization of its powers. Reply 9–10. But even assuming that GAO impermissibly exercises executive power, *Synar*, 478 U.S. at 732, that does not transform GAO into an "agency" subject to FOIA, 5 U.S.C. § 552(f). The fact remains that FOIA excludes legislative branch agencies from its reach. *See Cause of Action*, 753 F.3d at 212. And again, the Court is bound by precedent concluding that GAO is a legislative agency. To the extent America First is arguing that GAO is unconstitutionally exercising executive powers, the appropriate remedy would be a constitutional challenge—seeking to either invalidate that grant of authority or alter removal protections. *See Synar*, 478 U.S. at 735.

### 4.    Case Law

Recognizing the weight of case law on the other side, America First relies on *Medical Imaging and Technology Alliance v. Library of Congress* to argue that the long line of D.C. Circuit cases excluding legislative agencies from the scope of § 551(1) and § 552(f) are "dict[a]." Opp'n

13

17 (quoting 103 F.4th 830, 840 (D.C. Cir. 2024)). Not so. In *Medical Imaging*, the court considered whether the Library of Congress is subject to the APA when sued for violations of the Copyright Act and Digital Millenium Copyright Act (DMCA). 103 F.4th at 836–37, 840. In that context, the court disregarded its past precedents interpreting § 551(1) as "dict[a]" because those "precedents . . . considered only whether the APA was applicable by its own terms." *Id.* at 840. Since the court held that the Copyright Act and DMCA independently authorized APA review, there was no need to consider the APA's general definition in § 551(1). *See id.* at 840–41. But nothing in that opinion suggested that the APA's definition of an agency in § 551(1) extends to a legislative agency. *See id.* at 836 (stating the Library "fail[ed] to account for the fact that Congress can provide for APA review of the DMCA regulations by statute, regardless of whether the Library is an 'agency'").

Again, D.C. Circuit precedent establishes that GAO records, as "documents of [a] legislative[-]branch agenc[y]," need not be disclosed under FOIA. *Cause of Action*, 753 F.3d at 212. And this alone is enough to dismiss America First's FOIA claim.

## B.     31 U.S.C. § 704 (GAO Native Statute)

Finally, America First argues that GAO is subject to FOIA through its native statute, which provides that, "[t]o the extent applicable, all laws generally related to administering an agency apply to the Comptroller General." 31 U.S.C. § 704(a); Opp'n 10–11. But this argument suffers from two flaws.

First, assuming FOIA is a law "related to administering an agency," the statute only requires GAO to apply its requirements "[t]o the extent applicable." 31 U.S.C. § 704(a). And, in this case, GAO applied its own "disclosure policy," which it determined "follows the spirit of [FOIA] consistent with its duties and functions and responsibility to the Congress." 4 C.F.R. § 81.1(a). Since GAO is not subject to FOIA directly, the relevant question is whether that disclosure

14

19

complied with § 704(a). But America First did not bring such a challenge; its Complaint alleges only a failure to comply with FOIA. *See* Compl. ¶¶ 17–22; 68–73. So any challenge to GAO's compliance with § 704(a) is not before the Court. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("Mentioning an argument 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones' is tantamount to failing to raise it." (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005))).

Second, even assuming the Court could consider such an argument, America First has not identified a relevant cause of action. Because GAO is a legislative-branch agency, it is not subject to judicial review under FOIA, *Cause of Action*, 753 F.3d at 212, or the APA, *Boorstin*, 751 F.2d at 1416 n.15; *see also Pond Constructors, Inc. v. GAO*, No. 17-cv-0881, 2018 WL 3528309, at 1* (D.D.C. May 30, 2018) (APA suit cannot be brought against GAO because it is "an entity within the legislative branch"). And America First has not alleged another cause of action permitting it to enforce § 704. Compl. ¶¶ 68–73. So America First's argument fails for this reason, too.

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 9. A separate order will issue.

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:    January 9, 2026

15